14-3770-cv
*Teamsters Local 710 Pension Fund v. General Motors Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*

―――――――――――――――――――――――――――――――――――――

GEORGE SCOTT, Individually and on Behalf of All Others Similarly Situated,

     *Plaintiff*,

TEAMSTERS LOCAL 710 PENSION FUND,

     *Movant-Appellant*,

       v.                                      No. 14-3770-cv

GENERAL MOTORS COMPANY et al.,

     *Defendants-Appellees*,

BNY MELLON CAPITAL MARKETS, LLC et al.,

     *Defendants*.

―――――――――――――――――――――――――――――――――――――

**FOR MOVANT-APPELLANT:**          ANDREW S. LOVE (Susan K. Alexander,
                                   Samuel H. Rudman, David A. Rosenfeld, *on*

*the brief*), Robbins Geller Rudman & Dowd LLP, San Francisco, CA.

**FOR DEFENDANTS-APPELLEES:** ROBERT J. KOPECKY (Lauren O. Casazza, *on the brief*), Kirkland & Ellis LLP, Chicago, IL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Lead plaintiff Teamsters Local 710 Pension Fund, on behalf of itself and a putative class of shareholders of General Motors Company ("GM"), appeals from the District Court's September 4, 2014 judgment granting defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissing plaintiff's amended complaint with prejudice. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

## BACKGROUND

Plaintiff brought this putative class action alleging violations of Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o, by GM and its officers, directors, and underwriters.[1] Plaintiff alleges that, in the months leading up to and following GM's 2010 initial public offering ("IPO"), GM engaged in a practice of "channel stuffing," whereby it purportedly sold excess inventory to dealerships and recorded it as revenue, even though the cars remained unsold on dealer lots. In connection with the IPO, GM filed with the SEC a registration statement which plaintiff alleged contained material misstatements and omissions regarding GM's inventory practices.

The District Court dismissed plaintiff's amended complaint with prejudice, holding that two of plaintiff's alleged misstatements regarding GM's monitoring of dealer inventory levels and "improved inventory management" were inactionable puffery. The District Court held that a third alleged misstatement, which stated that GM's higher 2010 inventories were "primarily" due to higher demand, as well as other factors, was not inaccurate.[2] Finally, the District Court held that plaintiff failed to state a claim for a material omission because GM had complied with its disclosure obligations under Item 303 of Regulation S-K. Because plaintiff failed to state a claim under Section

---

[1] Plaintiff also raised a Section 12(a)(2) claim, which it voluntarily dismissed and does not challenge on appeal. Appellant's Br. 3 n.3.

[2] The District Court also held that a fourth alleged misstatement—that "vehicle sales data is indicative of the underlying demand for our vehicles," Am. Compl. ¶ 96—was not false and misleading. Plaintiff does not challenge that ruling on appeal. Appellant's Br. 15 n.4.

11, the District Court held that plaintiff also failed to state a claim for control person liability under Section 15.

This appeal followed.

## DISCUSSION

We review *de novo* a district court judgment granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true. *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014). Section 11 establishes liability on the part of issuers and underwriters of registration statements if "any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). Plaintiffs need not allege scienter, reliance, or causation. *City of Pontiac*, 752 F.3d at 182.[3]

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly granted defendants' motion to dismiss and dismissed the amended complaint with prejudice. GM's statement that it "aim[ed]" to increase vehicle profitability "through monitoring of [its] dealer inventory levels" was quintessential commercial puffery. Am. Compl. ¶ 92. We have previously held that such "explicitly aspirational" statements, "with qualifiers such as 'aims to,'" are inactionable because they are "too general to cause a reasonable investor to rely upon them." *City of Pontiac*, 752 F.3d at 183 (internal quotation marks omitted). Likewise, GM's statement that it "believe[d]" that "improved inventory management" would help strengthen the reputation of its brand and improve its average transaction price, Am. Compl. ¶ 92; J.A. 247, was an expression of mere "corporate optimism" that was too general to cause a reasonable investor to rely upon it. *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004).

As to GM's statement that increased inventory in 2010 was "primarily" due to higher demand for its products, as well as other factors, the District Court correctly held that plaintiff failed to identify any inaccuracy. As the District Court pointed out, demand did, in fact, increase in 2010, and GM fully disclosed the amount of increased demand and increased inventory. Moreover, plaintiff does not allege that the other factors identified by GM in its statement did not also contribute to increased inventory.

---

[3] Ordinarily, "[i]n assessing § 11 claims, we conduct a preliminary inquiry into whether plaintiffs' allegations are premised on fraud, or merely on negligence, to determine the appropriate pleading standard." *Id.* at 183 (internal quotation marks omitted). In this case, however, the District Court held that the amended complaint failed to state a claim to relief, even assuming the basic pleading standard under Rule 8(a)(2) applied rather than the heightened pleading standard under Rule 9(b). We assume the same and hold that the amended complaint failed to state a claim to relief even under the more liberal pleading standard under Rule 8(a)(2).

Finally, the District Court correctly concluded that plaintiff failed adequately to allege a material omission under Item 303 of Regulation S-K. Item 303 requires, among other things, a registrant to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii). Plaintiff failed adequately to allege that GM's alleged inventory practices were "known trends or uncertainties" that were "reasonably expect[ed]" to have a material impact on net sales or revenues or income. *Id.*

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 4, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk